DECISION AND JUDGMENT ENTRY
{¶ 1} This is a consolidated appeal from a judgment of the Fulton County Court of Common Pleas, Juvenile Division, that awarded permanent custody of Joseph C. P., Jr., Jayla P. and Nathaniel P. to the Fulton County Department of Jobs Family Services. For the following reasons, the judgment of the trial court is affirmed. *Page 2 
 {¶ 2} This court notes preliminarily that the appeal filed by Joseph P., Sr., father of Joseph P., Jr. and Jayla P., and that of Megan P., mother of all three children, were consolidated. However, Megan P. did not file a brief and, accordingly, pursuant to App.R. 18(C), her appeal in case no. F-06-023 is hereby dismissed. The father of Nathaniel, Megan's third child, has not appealed.
 {¶ 3} Appellant Joseph P., Sr. sets forth the following assignments of error:
 {¶ 4} "I. The trial court erred by allowing impermissible and prejudicial hearsay during the permanent custody hearing.
 {¶ 5} "II. The trial court erred when it found by clear and convincing evidence that permanent custody of appellant's children should be awarded to Fulton County Department of Jobs and Family Services."
 {¶ 6} Jayla and Joseph, Jr. ("Joseph") were born on July 21, 2000, to Megan P. and appellant Joseph P., Sr. while the parents were living in Indiana. Shortly after the twins' birth, appellant and Megan moved to California. The record reveals that a Los Angeles County, California, social services agency took temporary custody of the twins in November 2000, following allegations of mother's "absence/incapacity" and father's "severe neglect." The children were placed together in foster care in California until December 2001, and then moved to the temporary custody of their maternal grandmother, a resident of Fulton County, Ohio. An updated case assessment from the California agency in late 2001, indicated that appellant was incarcerated in Fort Wayne, Indiana, and that grandmother had indicated she did not always monitor mother's visits with the *Page 3 
children. As a result of grandmother's violation of the court order with respect to supervised visitation, in February 2002, the children were again placed in foster care. In May 2002, appellant was awarded expanded visitation. On July 25, 2003, just prior to California terminating its jurisdiction over this matter, the Los Angeles Superior Court awarded sole custody of Joseph and Jayla to appellant. Mother's visitation was to be supervised until she successfully completed individual counseling, a 12-month drug counseling program and drug screening.
 {¶ 7} It appears from the record that appellee Fulton County Department of Jobs Family Services ("agency") began monitoring this case in Ohio as a courtesy to the California agency after the parents moved to Ohio. It further appears that both agencies discontinued monitoring the case when appellant received sole custody in July 2003.
 {¶ 8} The record reflects that on February 20, 2004, mother Megan P., then living in Ohio, filed a petition in the Fulton County Court of Common Pleas, Juvenile Division, asking that court to assume jurisdiction over the children and establish parenting time for her with Joseph and Jayla. Mother asserted that appellant had consistently denied her parenting time. On April 1, 2004, the trial court assumed jurisdiction over this matter and afforded the decision of the California court full faith and credit. The trial court awarded mother weekly supervised visitation with the children and on August 10, 2004, entered an order increasing her visitation with the children.
 {¶ 9} On April 28, 2005, the agency filed complaints alleging that Joseph and Jayla were neglected and dependent children and requesting emergency temporary *Page 4 
custody of the children. The agency was granted temporary emergency custody and, at the adjudication hearing held on June 27, 2005, both parents consented to findings of dependency and neglect as to the children.
 {¶ 10} On December 19, 2005, upon the agency's motion, custody of the boys was returned to appellant with protective supervision provided by the agency.
 {¶ 11} On April 28, 2006, however, the agency again filed a motion for emergency temporary custody of the children. In its motion, the agency stated that appellant's live-in girlfriend Brandi had appeared at the agency with Jayla and Joseph and the children's belongings. Brandi believed appellant was using drugs again and said he had been leaving the home for extended periods of time. She further stated that appellant was currently away from home and said she was unable to care for the children. In addition, appellant's caseworker stated in the motion that appellant had been fired from his job for absenteeism and had not attended the drug rehabilitation program required by his case plan for the past three weeks. The caseworker said she had attempted unsuccessfully to contact appellant and that his whereabouts were unknown.
 {¶ 12} The motion for temporary custody was granted. The agency then moved for permanent custody of Joseph and Jayla and a hearing was held on August 14 and 15, 2006. The trial court heard testimony from five witnesses and reviewed numerous exhibits, including reports from the children's guardian ad litem and the court-appointed psychologist. On September 8, 2006, the trial court terminated mother's and father's parental rights and awarded permanent custody of Joseph, Jr. and Jayla to the Fulton *Page 5 
County Department of Jobs Family Services.[1] With respect to appellant, the trial court found that he had not remedied the conditions that had caused the children to be removed from the home, he had failed each of the three times he was given the opportunity to maintain custody of the children, he had not shown a willingness to provide an adequate permanent home for the children, and he had placed the children at substantial risk of harm two or more times due to his alcohol and drug abuse. Accordingly, the trial court found that Jayla and Joseph, Jr. could not be placed with either of their parents within a reasonable time and should not be placed with them, and that there was clear and convincing evidence that it was in the children's best interest to grant permanent custody to the agency.
 {¶ 13} In his first assignment of error, appellant asserts that the trial court allowed impermissible and prejudicial hearsay at the permanent custody hearing.
 {¶ 14} First, appellant claims that Dr. Wayne Graves, the psychologist who evaluated appellant in terms of his parenting capabilities, relied on hearsay in making his recommendation that the children could not be placed with appellant within a reasonable time. This claim is based solely on Graves' testimony that in May 2005, he was told by the agency that appellant's girlfriend Brandi had reported appellant had relapsed and left home, leaving the children with her. Appellant asserts that the psychologist's testimony was "tainted with hearsay statements" but does not give any other examples. *Page 6 
 {¶ 15} Hearsay is defined in Evid.R. 801(C) as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." A "statement" is (1) an oral or written assertion or (2) nonverbal conduct of a person, if it is intended by him as an assertion." Evid.R. 801(A).
 {¶ 16} A trial court has discretion to determine which evidence to admit or exclude at trial, and such decisions will not be reversed on appeal absent an abuse of discretion. State ex rel. VanDyke v. Pub. Emp.Retirement Bd., 99 Ohio St.3d 430, 2003-Ohio-4123, ¶ 43.
 {¶ 17} Appellant argues as if Graves' opinion that the children could not be placed with appellant within a reasonable time is based solely on the information the psychologist received from the agency about Brandi, despite the fact that Graves' comment was merely one statement in the midst of his extensive oral testimony. It is clear, however, that Graves' opinion as to appellant's parenting capabilities was based primarily on his personal evaluation of appellant and an in-depth review of appellant's case file. The record reflects that Graves interviewed appellant over a period of four days during September and October 2005. Graves' 15-page written evaluation was based on the clinical interviews, his observation of parent-child interaction, a review of appellant's records with the agency, and the results of certain psychological tests.
 {¶ 18} The information the agency passed on to Graves in May 2005 — and to which he referred in court — was just one detail from the background information contained in the agency's file. In light of all of the evidence before the trial court as to *Page 7 
appellant's parenting capabilities, Dr. Graves' testimony that he was told by the agency that Brandi reported appellant's relapse was not prejudicial and the trial court did not abuse its discretion by allowing it. This argument is without merit.
 {¶ 19} Appellant also argues that he was prejudiced because the trial court admitted into evidence his California case file, which contained references to his drug and alcohol abuse. He argues that the file constitutes hearsay and that any probative value of the California records was outweighed by the unfair prejudice of their admission. The trial court overruled appellant's objection to the admission of the records at trial on the basis of Evid.R. 803(8), which allows an exception to the general hearsay rule for records, reports and statements of public offices or agencies, setting forth the activities of the office or agency, or matters observed pursuant to duty imposed by law.
 {¶ 20} Upon review, it appears that the California file was hearsay. While we agree with the trial court's determination that the exhibit was subject to a hearsay exception, we find that such evidence more appropriately comes under the exception for business records as set forth in Evid.R. 803(6). This conclusion is supported by the affidavit of Beverly Williams, Custodian of Records for the Los Angeles County Department of Children and Family Services, attached to the file certifying that the documents were prepared in the ordinary course of business at or near the time of the acts, conditions, or events described, by a Los Angeles County social worker during her investigation of the subject child and family. Thus, we find that the trial court's decision to allow the California case file to be admitted was not an abuse of discretion. Further, *Page 8 
appellant has not established that he was unfairly prejudiced by admission of the exhibit. Evidence of his drug and alcohol abuse was also presented through the testimony of the agency caseworkers, his probation officer and Dr. Graves. This argument is without merit.
 {¶ 21} Based on the foregoing, we find that the trial court did not admit impermissible or prejudicial hearsay and, accordingly, appellant's first assignment of error is not well-taken.
 {¶ 22} In his second assignment of error, appellant asserts that the trial court's decision was not supported by clear and convincing evidence. Appellant argues that he regularly supported his children, that they were bonded with him, and that the evidence did not show that he failed continuously and repeatedly to substantially remedy his drug and alcohol abuse.
 {¶ 23} In granting a motion for permanent custody, the trial court must find that one or more of the conditions listed in R.C. 2151.414(E) exist as to each of the child's parents. If, after considering all relevant evidence, the court determines by clear and convincing evidence that one or more of the conditions exists, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent. R.C.2151.414(B)(1). Further, pursuant to R.C. 2151.414(D), a juvenile court must consider the best interest of the child by examining factors relevant to the case including, but not limited to, those set forth in paragraphs (1)-(5) of subsection (D). Only if these findings are supported by clear and convincing *Page 9 
evidence can a juvenile court terminate the rights of a natural parent and award permanent custody of a child to a children services agency.In re William S. (1996), 75 Ohio St.3d 95. Clear and convincing evidence is that which is sufficient to produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established.Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 24} This court has thoroughly reviewed the record of proceedings in this case, from the original motion for temporary custody in 2000, through the hearing on the motion for permanent custody and the trial court's decision. The trial court's decision in this case is extremely thorough and addresses all of the relevant statutory factors in detail.
 {¶ 25} The children's guardian ad litem provided the court with a highly detailed report, based on interviews with both parents, two agency caseworkers, appellant's substance abuse counselor, the agency's files and Dr. Graves' report. In his report, entered into evidence without objection, the guardian recommended that in light of the risks presented to the children permanent custody be awarded to the agency.
 {¶ 26} Dr. Graves stated his belief that there was not enough evidence to rule out significant long term problems with appellant's ability to parent effectively in the future. Graves expressed concern due to appellant's history of relapse into drug and alcohol abuse, stating that any future relapse would indicate an inability to exercise good judgment and provide long term stability for his children. Graves acknowledged strong indicators that the parents were not going to have a sufficient level of stability in their *Page 10 
lives to enable them to provide adequately for the children within a reasonable period of time.
 {¶ 27} The record clearly supports the trial court's decision. Pursuant to the factors set forth in R.C. 2151.414(E), the trial court found that appellant had failed to remedy the conditions of substance abuse and lack of stability that led to removal of the children, and did not appear willing to provide an adequate permanent home for the children.
 {¶ 28} In considering the best interest of the children, the trial court found that Jayla and Joseph had been heavily involved with the Fulton County Department of Jobs Family Services for an extensive portion of their young lives. The court noted that even before that, the children were removed from the home in California. Since their return to Ohio, the children had been removed from their father's custody and placed in foster care twice. The trial court noted an "unmistakable pattern" of inappropriate parenting, removal from the home, "half-hearted progress" by the parents sufficient to return the children to the home, relapse, and then yet another removal from the home. The trial court concluded that neither parent seemed able to adequately provide a legally secure permanent placement for their children.
 {¶ 29} Specifically as to appellant, the trial court found that, while at times he is good with the children, he has an extensive history of drug and alcohol abuse which, combined with his relapses, will preclude him from providing a legally secure permanent home for them. The court concluded that without a grant of permanent custody, the *Page 11 
children "at best face a yo-yo existence of bouncing between parents and foster care time and time again as each parent relapses or does not follow through for their needs."
 {¶ 30} Based on our review of the record, we find that the trial court's decision was supported by clear and convincing evidence that an award of permanent custody to the Fulton County Department of Jobs 
Family Services was in the children's best interest. Accordingly, appellant's second assignment of error is not well-taken.
 {¶ 31} On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Fulton County Court of Common Pleas, Juvenile Division, is affirmed (case no. F-06-022). The appeal filed by Megan P. in case no. F-06-023 is dismissed. Appellants are ordered to pay the costs of these appeals pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Fulton County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski P.J., William J. Skow, J., Thomas J. Osowik, J. CONCUR.
[1] Permanent custody of Megan's son Nathaniel P. was also awarded to the Fulton County Department of Jobs Family Services (trial court case no. 2052032). *Page 1